IN THE UNTED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**ARON J. FREELAND,**

   Petitioner,

  v.            **Civil Action No. 3:23-CV-63**
                Judge Bailey

**MR. RUSSELL MASTON,**

   Respondent,

and

**ARON FREELAND,**

   Petitioner,

  v.            **Civil Action No. 5:23-CV-42**
                Judge Bailey

**R.S. MUTTER,** Superintendent,
**WILLIAM K. MARSHALL,** Acting
Commissioner,

   Respondents

### REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On December 14, 2022, the *pro se* petitioner, Aron Freeland ("petitioner") filed a petition for writ of habeas corpus in the United States District Court for the Southern District of West Virginia. [Civ. A. No. 5:23-CV-42 Doc. 1]. Although the petition was styled as one brought under 28 U.S.C. § 2241, because petitioner is a state prisoner, the Honorable United States Magistrate Judge Dwane L. Tinsley found that it should be treated as a petition brought under 28 U.S.C. § 2254; further, because petitioner was

1

challenging his convictions in the Circuit Court of Monongalia County, West Virginia, the petition was transferred to this District on February 10, 2023. [Civ. A. No. 5:23-CV-42 Doc. 13]. The day prior, on February 9, 2023, the petitioner filed another petition in the Southern District of West Virginia, properly styled as a petition under 28 U.S.C. § 2254. [Civ. A. No. 3:23-CV-63 Doc. 1]. For the same reasons as the first petition, the Honorable United States District Judge David A. Faber transferred the petition to this district on February 23, 2023. [Civ. A. No. 3:23-CV-63 Doc. 8][1]. On June 12, 2023, Judge Bailey entered an order consolidating the two cases. [Civ. A. No. 3:23-CV-63 Doc. 39]; [Civ. A. No. 5:23-CV-42 Doc. 28][2]. Petitioner is a state inmate who is currently incarcerated at St. Marys Correctional Center in St. Marys, West Virginia, and is challenging the legality of his state conviction and sentence. The matter is now pending before the undersigned for a review and Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Procedure ("LR PL P") 2. For the reasons that follow, the undersigned recommends the petition be denied and dismissed.

## II.     FACTUAL AND PROCEDURAL HISTORY

As set forth in the procedural history below, Petitioner has been convicted twice on multiple felony charges in the Circuit Court of Monongalia County, West Virginia. According to the West Virginia Division of Corrections and Rehabilitation Offender Search page, petitioner's next parole hearing is September 10, 2027, and his projected release date is September 10, 2034. https://apps.wv.gov/ois/offendersearch/doc.

---

[1] As noted in Judge Faber's order, both the Northern and Southern districts have concurrent jurisdiction of such a petition, but the district of conviction is generally the more convenient and appropriate venue.

[2] From this point forward, all document numbers refer to Civil Action Number 3:23-CV-63 unless otherwise noted.

**A. Petitioner's Conviction, Sentence, and Direct Appeal Attempt in Monongalia County Circuit Court Case Number 03-F-132**

The facts of petitioner's first convictions are summarized by the Supreme Court of Appeals of West Virginia:

> On September 5, 2003, petitioner was indicted on two counts of second-degree sexual assault involving two different victims on two different days. Following an April of 2005 jury trial, petitioner was convicted on both counts of the indictment. On May 18, 2005, the circuit court sentenced petitioner to two consecutive terms of ten to twenty-five years of incarceration. This Court refused petitioner's subsequent appeal on February 16, 2006. On June 6, 2005, petitioner filed a motion for reconsideration of sentence. The circuit court denied the motion. Petitioner appealed the denial of that motion; this Court refused his petition on October 11, 2007.

*State v. Freeland*, No. 17-0361, 2019 WL 4391276, at *1 (W. Va. Sept. 13, 2019).

**B. Petitioner's State Habeas Petition in Monongalia County Circuit Court Case Number 07-C-237**

As summarized by the Supreme Court of Appeals of West Virginia:

> On April 6, 2007, petitioner filed a petition for a writ of habeas corpus. Counsel was appointed, and an amended petition was filed on June 9, 2009. On December 17, 2010, the circuit court denied the petition. On appeal, this Court affirmed the circuit court on April 5, 2013.

*State v. Freeland*, No. 17-0361, 2019 WL 4391276, at *1 (W. Va. Sept. 13, 2019) (citation omitted). In his habeas filed with the circuit court, petitioner raised forty-four grounds for relief, though the circuit court determined that only eight warranted discussion:

(1) constitutional errors in evidentiary rulings;

(2) prejudicial joinder of charges/denial of motion to sever;

(3) ineffective assistance of counsel;

(4) prejudicial statements by prosecutor;

(5) more severe sentence than expected/excessive sentence;

(6) sufficiency of evidence;

> (7) mistaken advice of counsel as to sentencing; and
>
> (8) irregularities in arrest.

*Freeland v. Ballard*, No. 11-0126, 2013 WL 1395890, at *1 and n.4 (W. Va. Apr. 5, 2013). On appeal, petitioner asserted the same eight grounds as assignments of error, plus failure by the circuit court to conduct a hearing on his habeas petition and failure to strike a late response from the respondent. *Id*. at n. 5. The Supreme Court found that none of the grounds raised entitled petitioner to relief and denied the petition. *Id*. at *12.

### C. Petitioner's Second Habeas Corpus Action in Monongalia County Circuit Court Case Number 12-C-427

Petitioner sought a second writ of habeas corpus in Monongalia County Circuit Court case number 12-C-427. [Doc. 6-1]. Based on the April 5, 2013, opinion of the West Virginia Supreme Court of Appeals in 11-0126, it appears that 12-C-427 was filed while the Court was considering Petitioner's first habeas corpus appeal from 07-C-237. *Freeland v. Ballard*, No. 11-0126, 2013 WL 1395890 (W. Va. Apr. 5, 2013). According to other filings in the instant case, this second state habeas action alleged, inter alia, ineffective assistance of habeas counsel. [Civ. A. No. 5:23-CV-42 Doc. 8-4 at 7]. The records submitted by Petitioner do not indicate whether this matter has a final disposition.

### D. Petitioner's Conviction, Sentence, and Direct Appeal Attempt in Monongalia County Circuit Court Case Number 18-F-333

On March 8, 2022, petitioner, pursuant to a written plea agreement, entered a guilty plea to: (1) First Degree Sexual Abuse, in violation of W.Va. Code § 61-8B-7, a lesser included offense as charged in count one of the indictment; and (2) Abduction of a Person, in violation of W.Va. Code § 61-2-14(a), "a lesser related offense (pursuant to the specific facts of this case)", as charged in count two of the indictment. [Doc. 2-1 at 31–

4

32]. According to the docket sheet, Petitioner entered an **Alford**[3] plea to both counts, and was sentenced immediately after plea entry to: (1) not less than one nor more than five years for count one; and (2) not less than three nor more than ten years for count two. [Doc. 2-1 at 38]. Those sentences were ordered to be served concurrently with one another but consecutively to his sentence in 03-F-132. Id. Four days before Petitioner entered his guilty plea, on March 4, 2022, the State filed a motion to dismiss count two of the indictment. [Doc. 2-2].

According to the docket, petitioner has filed a number of pro se motions [Doc. 2-1, at 38–39, Docket Entries 143, 147, 154, 156, 158, 161, 162], including five motions between September 27, 2022, and October 7, 2022 [Docket Entries 154, 156, 158, 161, 162]. By order entered by Circuit Judge Scott, Circuit Court of Monongalia County, West Virginia, on September 21, 2022, and filed with the Clerk on October 17, 2022, previous pro se pleadings were ordered not to be filed, but instead lodged with the Clerk as "fugitive documents", and counsel was directed within 30 days to "address issues raise[d] in documents". [Doc. 2-1 at 39–40]. The docket printed on January 6, 2023, does not indicate further filings after December 7, 2022. [Doc. 2-1 at 40].

Plaintiff has not filed a direct appeal from 18-F-333.

---

[3] **North Carolina v. Alford**, 400 U.S. 25 (1970). The West Virginia Supreme Court of Appeals had held that, "[i]n an '**Alford** plea,' a criminal defendant pleads guilty while proclaiming his innocence. A court's acceptance of such a plea does not violate the defendant's due process rights 'so long as the court is satisfied that there is a factual basis for the plea independent of the defendant's statements.'" **Coleman v. Painter**, 215 W. Va. 592, 598, 600 S.E.2d 304, 310 n. 8(2004) (citing **State v. Lilly**, 194 W.Va. 595, 605, 461 S.E.2d 101, 111 (1995) (Cleckley, J. concurring) (citations omitted)).

### E. Appeals to the Supreme Court of West Virginia

Petitioner has repeatedly sought relief in the Supreme Court of Appeals of West Virginia. Attached to his court filings are several orders from that court, including:

1. An April 10, 2017, order in docket number 17-013, which remanded petitioner's *pro se* motions to the Circuit Court of Monongalia County, "for the circuit court's consideration in Monongalia County Case No. 03-F-132" [Doc. 6-1 at 2];

2. a February 14, 2022, order in docket number 22-0088[4], which set scheduling deadlines in petitioner's *pro se* petition for a writ of prohibition against the Commissioner of the West Virginia Division of Corrections and Rehabilitation, and the presiding circuit court judge [Docs. 2-2 at 2; 6-5 at 2]; and

3. a January 24, 2023, order in docket number 22-889, which dismissed Petitioner's pro se petition for a writ of mandamus, based on Petitioner being represented by counsel [Doc. 2-1 at 2].

Petitioner's pleadings further suggest that he has filed other actions in the Supreme Court of Appeals, including 22-0095 [Doc. 6-11]; 22-0108[5] [Docs. 2 at 2; 6-10 at 3; 6-11], but no further information is available on those matters from the record.

### F. Prior Filings in Federal District Court

Petitioner has repeatedly sought relief in the federal district courts of the Southern and Northern Districts of West Virginia, including:

1. 2:10-CV-941, Southern District, a § 1983 action filed on July 21, 2010, and closed on March 3, 2011;

---

[4] Petitioner concedes in his petition that the motions in 22-0088 and 22-0095 were denied in March 2022. [Doc. 2 at 4–5].
[5] Petitioner concedes in his petition that 22-0108 "was withdrawn from the WVSCA so the matters could be resolved at the lower court. To date, they have not been resolved." [Doc. 2 at 2].

2. 5:13-CV-98, Northern District, a §2254 petition filed August 1, 2013, and closed October 15, 2013;

3. 2:16-CV-111, Northern District, a § 2254 petition filed on December 28, 2016, and closed January 5, 2017;

4. 2:17-CV-1561, Southern District, a § 1983 action filed on March 7, 2017, and closed on October 16, 2017;

5. 2:17-CV-71, Northern District, a § 2254 petition filed on May 25, 2017, and closed July 28, 2017;

6. 2:19-CV-76, Southern District, a § 1983 action filed on January 29, 2019, and closed on May 15, 2019;

7. 3:19-CV-22, Northern District, a § 1983 action filed on February 22, 2019, and closed on March 25, 2019;

8. 5:19-CV-325, Northern District, a § 2254 petition filed on December 2, 2019, and closed on January 22, 2020;

9. 2:21-CV-574, Southern District, a § 2254 petition filed October 25, 2021, and closed October 28, 2021;

10. 3:21-CV-172, Northern District a § 2254 petition filed on October 28, 2021, and closed on November 24, 2021;

11. 5:22-CV-220, Northern District, a § 1983 action filed on September 9, 2022, and closed October 18, 2022;

12. 2:22-CV-378, Southern District, a § 1983 action filed September 2, 2022, and closed September 9, 2022;

13. 1:22-CV-561, Southern District, a § 2254 petition filed December 8, 2022, which remains pending before Judge David A. Faber;

14. 1:22-CV-581, Southern District, a § 2241 petition filed December 14, 2022, and closed February 10, 2023;

15. 1:23-CV-56, Southern District, a § 2241 petition filed January 24, 2023, which remains pending before Judge Faber;

16. 1:22-CV-581, Southern District, a § 2254 petition filed December 14, 2022, and closed February 10, 2023, with the transfer to this district in this civil action; and

17. 1:23-CV-108, Southern District, a § 2254 petition filed February 9, 2023, and closed February 23, 2023, with the transfer to this district in this civil action.

### G. Federal Habeas Petition 5:23-CV-42 [Doc. 1]

Petitioner's petition in 5:23-CV-42 was filed on December 14, 2022, in the Southern District of West Virginia, case number 1:22-CV-581. [Civ. A. No. 5:23-CV-42 Doc. 1]. Although filed on a form labeled for section 2241, by Order entered February 10, 2023, the Southern District recognized that the petition must be treated as one under section 2254, and the matter was transferred to the Northern District of West Virginia. [Civ. A. No. 5:23-CV-42 Doc. 13]. The petition challenges the validity of his conviction and sentence in the Circuit Court of Monongalia County, West Virginia in case 03-F-132. [Civ. A. No. 5:23-CV-42 Doc. 1]. Petitioner raises four grounds in support of his petition. First, that he was unable to assist with his case, citing that his attorney raised concerns about him understanding the proceedings. [Id. at 6]. Second, that he was denied due process because the court failed to stop proceedings when presented with evidence that he did not understand what was going on. [Id.]. Third, that petitioner was sentenced as an adult despite descriptions by doctors and lawyers that he was like a child. [Id.]. Fourth, that there was not a hearing held in his state habeas case. [Id. at 7]. Petitioner states that he would like to amend his petition to include claims based on "a.) *Crawford* violations; b.) juror instructions; c.) equal protection – similar situated." [Id.].

### H. Federal Habeas Petition 3:23-CV-63 [Doc. 1]

Petitioner's petition in 3:23-CV-63 was filed on February 9, 2023, in the Southern District of West Virginia, case number 1:23-CV-108. [Doc. 2]. By order entered February 23, 2023, the matter was transferred to the Northern District of West Virginia. [Doc. 8].

The petition challenges the validity of his conviction and sentence in the Circuit Court of Monongalia County, West Virginia in case 18-F-333. [Doc. 2]. Petitioner alleges three errors as a basis for relief: (1) petitioner was denied copies of transcripts from Monongalia County case number 18-F-333, which he intended to use for a direct appeal [Id. at 5]; (2) Petitioner was denied counsel, because his court-appointed counsel "abandoned" him, caused a breakdown in communication, an refused to communicate with Petitioner [Id. at 7]; and (3) there was a structural error because counsel failed to provide Petitioner with a copy of a motion to dismiss a count of the indictment, to which Petitioner entered a plea of guilty [Id. at 8]. Petitioner asks the Court to: (1) order his conviction in 18-F-333 be vacated; (2) "dismissal of indictment with prejudice" based on structural errors; and (3) order reimbursement to petitioner's family for costs related to hiring an investigator in his defense. [Id. at 15].

### III.   LEGAL STANDARDS

#### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts.

### B. Petitions for Habeas Corpus Under 28 U.S.C. § 2254

Under 28 U.S.C. § 2254, a district court must entertain a petition for habeas corpus relief from a prisoner in State custody, but "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1) and (2); *see also* **Williams v. Taylor**, 529 U.S. 362 (2000).

A petitioner can only seek § 2254 relief if he has exhausted the remedies available in state court, the corrective process is not available in state court, or the state process is ineffective to protect the petitioner. 28 U.S.C. § 2254(b).

### C. *Pro se* Litigants

Courts must read pro se allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." **Haines v. Kerner**, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. **Neitzke v. Williams**, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in **Neitzke** recognized that:

> Section 1915(d) is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

## IV.   ANALYSIS

The privilege of the writ of habeas corpus is recognized in Article I, Section 9 the United States Constitution. Petitions for writs of habeas corpus filed in the federal courts are governed by 28 U.S.C. § 2241 *et seq*. Pursuant to 28 U.S.C. § 2254(b)(1):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

In **Baldwin v. Reese**, 541 U.S. 27, 29 (2004), the Supreme Court held that to, "provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim." Accordingly, a petition for writ of habeas corpus on behalf of a prisoner in State custody should not be entertained by a federal court unless the petitioner has first exhausted his State remedies.  Principles of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its

11

prisoners' federal rights.  See **Duncan v. Henry**, 513 U.S. 364, 365 (1995); **Woodfolk v. Maynard**, 857 F.3d 531 (4th Cir. 2017).

As the Supreme Court recognized in **Castille v. Peoples**, 489 U.S. 346, 349 *reh'g denied*, 490 U.S. 1076 (1989), practical considerations also necessitate exhaustion of State court claims prior to federal review:

> The exhaustion requirement, first enunciated in **Ex parte Royall**, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886), is grounded in principles of comity and reflects a desire to "protect the state courts' role in the enforcement of federal law," **Rose v. Lundy**, *supra*, 455 U.S., at 518, 102 S.Ct., at 1203. In addition, the requirement is based upon a pragmatic recognition that "federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review." 455 U.S., at 519, 102 S.Ct., at 1203-1204.

To exhaust available state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. The Supreme Court explained in **Duncan**, 513 U.S. at 365, "[i]f state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."

In **Baldwin v. Reese**, 541 U.S. at 32 (2004), the Supreme Court further explained the requirements of such fair presentment:

> We [ ] hold that ordinarily a state prisoner does not "fairly present" a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.

The Court opined that, "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'"  **Id**. See also **Howell v.**

*Mississippi*, 543 U.S. 440, 444 (2005) (dismissing the writ of certiorari as improvidently granted because the federal constitutional claim was not fairly presented to the State's highest court for purposes of 28 U.S.C. § 1257).

In West Virginia, the exhaustion of State remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding in the state circuit court of conviction followed by an appeal to the West Virginia Supreme Court of Appeals. *See* **Moore v. Kirby**, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); *see also* **Bayerle v. Godwin**, 825 F. Supp. 113, 114 (N.D. W.Va. 1993) (Maxwell, J.) ("A Petitioner challenging a state criminal conviction by a federal habeas corpus action in West Virginia can satisfy the exhaustion requirement by filing a petition for writ of habeas corpus ad subjiciendum in an appropriate state circuit court and, if unsuccessful there, by appealing the denial of the writ to the state Supreme Court."). A federal court may only consider those issues the petitioner presented to the State court, and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). As the Supreme Court explained in **Picard v. Connor**, 404 U.S. 270, 275 (1971), "We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'" (Internal citation omitted).

"The burden of proving that a claim is exhausted lies with the habeas petitioner." **Breard v. Pruett**, 134 F.3d 615, 619 (4th Cir. 1998), *cert. denied*, 523 U.S. 371 (1998).

The Fourth Circuit also found in **Breard** that, "[t]he exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." *Id*.

Turning first to petitioner's claims in 3:23-CV-63, relating to his conviction and sentence in the Circuit Court of Monongalia County, West Virginia, case 18-F-333, petitioner concedes that he has not presented these claims to the circuit court. See [Doc. 29]. Further, any adverse ruling in the Monongalia County Circuit Court would need to first be appealed to the Supreme Court of Appeals of West Virginia before this Court could rule upon any issues in petitioner's § 2254 petition. Likewise, petitioner concedes he has not filed a direct appeal of his conviction. [Doc. 2 at 12]. Petitioner contends he is entitled to federal habeas relief because the state court process is "clearly ineffective." [Id. at 14]. However, the undersigned notes that petitioner has not sought a writ of habeas corpus in state court for his conviction in 18-F-333. Further, petitioner complains of a plea entry that occurred on March 8, 2022, less than one year from the filing of the instant action. Even if petitioner had filed a direct appeal or habeas corpus action in state court, it is unlikely that both of those matters would have reached disposition before the petitioner filed this action. The undersigned finds that these claims are unexhausted as petitioner still has remedies available in state court. This Court thus lacks jurisdiction over these claims and it is inappropriate for the Court to entertain his habeas petition filed in 3:22-CV-63.

Next, petitioner's claims in 5:23-CV-42 are largely the same. Although petitioner has pursued a state habeas petition, and has appealed that case to the Supreme Court of Appeals of West Virginia, see **Freeland v. Ballard**, No. 11-0126, 2013 WL 1395890

14

(W. Va. Apr. 5, 2013), all but one of the claims raised in the instant petition were not raised in those cases. Accordingly, this Court lacks jurisdiction to entertain those claims.

One of the claims raised, however, appears to have been presented to the Supreme Court of Appeals of West Virginia. In his petition, petitioner claims that he has been denied due process of law "from being denied a Habeas hearing at the Circuit Court level in his first habeas 07-C-237 and now Habeas No. 12-C-427." [Civ. A. No. 5:23-CV-42 Doc. 1 at 7]. Insofar as he challenges the lack of a hearing in his earlier habeas case, 07-C-237, petitioner has presented this claim to the Supreme Court of Appeals of West Virginia in **Freeland v. Ballard**, No. 11-0126, 2013 WL 1395890 (W. Va. Apr. 5, 2013)[6]. Thus, this petition represents a "mixed" petition, consisting of both exhausted and unexhausted claims. In **Rose v. Lundy**, 455 U.S. 509 (1982), the Supreme Court held that a federal district court may not adjudicate mixed petitions and imposed a requirement of total exhaustion, implemented by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to litigate unexhausted claims. However, in 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which included a one-year statute of limitations, requiring prisoners to file suit within one year of the judgment in state court. See **Rhines v. Weber**, 544 U.S. 269, 272 (2005).

> As a result of the interplay between AEDPA's 1-year statute of limitations and **Lundy's** dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it

---

[6] The Supreme Court of Appeals of West Virginia found that petitioner had raised a challenge to the circuit court's failure to hold an evidentiary hearing and held that "However, an evidentiary hearing is not always required. See W.Va.Code 53–4A–7(a); Syl. Pt. 1, **Perdue v. Coiner**, 156 W.Va. 467, 194 S.E.2d 657 (1973)." **Freeland v. Ballard**, No. 11-0126, 2013 WL 1395890 at n. 5 (W. Va. Apr. 5, 2013).

> under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.

*Id*. at 275. To remedy the potentially harsh consequences of a mixed petition which is near the one-year deadline, this Court has discretion to stay a mixed petition to allow the petitioner to present his unexhausted claims to state court. *Id*. at 271. However, "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. at 277.

The undersigned notes that in this instance, the only exhausted claim was exhausted on April 5, 2013, and, as such, it appears the AEDPA's one-year statute of limitations has long since expired. Accordingly, the undersigned finds that a stay would be inappropriate in this case. Because the remaining claims are not fully exhausted, this Court lacks jurisdiction to consider them. When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); *Reinbold v. Evers*, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

Finally, the undersigned notes that there are four pending motions filed by petitioner. First, petitioner's Motion for Leave to Supplement (Add) Supporting Material to Case Pending Before This Honorable Court, [Doc. 29], filed April 21, 2023. Although this motion does include attached exhibits, the motion is actually one arguing for this Court to waive state court proceedings and vacate his convictions. The undersigned has considered the accompanying exhibits in preparing this Report and Recommendation; however, for the reasons already set forth above, the undersigned recommends this

16

motion be denied. Second, petitioner's Notice of Change of Address and Change of Respondent [Doc. 33], filed May 15, 2023, seeking to inform the Court that he has been moved to a new facility with a different warden. This move has already been reflected on the docket and should therefore be denied as moot. Third, petitioner's Motion for Status Conference Hearing [Doc. 35], filed May 30, 2023. In that motion, petitioner asks the Court to schedule a status conference due to delays in his state cases. As the undersigned recommends this case to be dismissed without the need of a hearing, the undersigned recommends this motion be denied. Fourth, petitioner's Motion [Doc. 46] in which he seeks a status conference and to add supporting documents to his petition. The undersigned has reviewed the attached documents and recommends that the Motion be denied.

## V.     RECOMMENDATION

For the reasons stated above, the undersigned recommends that petitioner's § 2254 petitions [**Civil Action No. 3:23-CV-63 Doc. 1; Civil Action No. 5:23-CV-42 Doc. 1**] be **DENIED** and **DISMISSED WITHOUT PREJUDICE**, preserving petitioner's right to renew the same following proper exhaustion of state remedies. Further, the undersigned recommends that petitioner's Motion for Leave to Supplement (Add) Supporting Material to Case Pending Before This Honorable Court, [**Doc. 29**], Motion for Status Conference Hearing [**Doc. 35**], and Motion for Status Conference Hearing Due to State Law Courts Violating Clearly Established Federal Law Under Seperation (sic) of Powers Doctorine (sic) and the 14th Amendment of The U.S. Constitution in State Court Habeas Proceedings and Leave to Add Supporting Documents to his § 2254 Petition

[**Doc. 46**] be **DENIED** and that the Notice of Change of Address and Change of Respondent [**Doc. 33**] be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this report and recommendation, the petitioner may file with the Clerk of Court **specific written objections identifying those portions of the recommendation to which objection is made and the basis for such objections**. A copy of any objections shall also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals**. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**: August 10, 2023.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE