IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Martinsburg

**ARON J. FREELAND,**

        Petitioner,

v.                             **CIVIL ACTION NO.: 3:23-CV-63**
                              Judge Bailey

**SGT. R. S. MUTTER,**

        Respondent,

and

**ARON FREELAND,**

        Petitioner,

v.                             **CIVIL ACTION NO.: 5:23-CV-42**
                              Judge Bailey

**R.S. MUTTER,** Superintendent and
**WILLIAM K. MARSHALL,** Acting
Commissioner,

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above referenced case is before this Court upon the magistrate judge's recommendation that petitioner's § 2254 petitions be denied and dismissed; that petitioner's Motion for Leave to Supplement (Add) Supporting Material to Case Pending Before This Honorable Court [Doc. 29] be denied; that petitioner's Motion for Status Conference Hearing [Doc. 35] be denied; that petitioner's Motion for Status Conference Hearing Due to State Law Courts Violating Clearly Established Federal Law Under

Seperation (sic) of Powers Doctorine (sic) and the 14th Amendment of The U.S. Constitution in State Court Habeas Proceedings and Leave to Add Supporting Documents to his § 2254 Petition [Doc. 46] be denied; and that petitioner's Notice of Change of Address and Change of Respondent [Doc. 33] be denied as moot.

Also pending before this Court is petitioner's Motion for Leave to Waive Page Limitation to Object to Report and Recommendations Entered on August 10, 2023 [Doc. 66], filed October 6, 2023. Therein, petitioner moves this Court to waive the page limitation. The Court will **GRANT** petitioner's request.

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. **Thomas v. Arn**, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. **United States v. Schronce**, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The report and recommendation was filed on August 10, 2023 [Doc. 47]. After two extensions of time to file objections [Docs. 50 & 57], petitioner filed his objections on October 6, 2023. *See* [Doc. 65]. Petitioner asserts two (2) objections to Magistrate Judge Mazzone's R&R. For relief, petitioner requests this Court to (1) overrule Magistrate Judge Mazzone's R&R; (2) order petitioner to appear before this Court in person for redress;

(3) vacate his conviction in felony case numbers 03-F-132 and 18-F-333; and (4) any additional relief this Court deems just and proper. See [id. at 9].

First, petitioner objects to the "findings where the Court proposed '*The undersigned notes that petitioner has not sought a writ of habeas corpus in state court for his conviction in 18-F-333.*'" See [id. at 1–4 (emphasis in original)]. Petitioner asserts that "[c]ontrary to the [ ] Magistrate's finding, petitioner respectfully objects and avers that he has presented the state courts with *several opportunities* for state court's to correct the federal constitutional violations in felony case number 18-F-333." See [id. at 2 (emphasis in original)].

Petitioner has already conceded that he has not presented these claims to the circuit court. See [Doc. 29] ("To date, the Circuit Court of Monongalia County has not granted any relief on petitioner's conviction in case number 03-F-132 or 18-F-333. . . ."). In his objections, petitioner states that "following the removal from the Supreme Court of Appeals, [he] filed a writ of habeas corpus in the circuit court of Monongalia County on March 22, 2023." See [Doc. 65 at 2]. Since March 2023, petitioner asserts he has filed several other motions including a motion for disqualification of Judge Cindy S. Scott from presiding over the habeas proceeding and a motion for removal of Monongalia County Prosecuting attorney's office due to a conflict of interest.

Moreover, petitioner has stated that "there has been no action taken on any motions" in circuit court. See [Doc. 65 at 2]. Any adverse ruling in the Monongalia County Circuit Court would need to first be appealed to the Supreme Court of Appeals of West Virginia before this Court could rule upon any issues in petitioner's § 2254 petitions. Thus,

3

this Court agrees with Magistrate Judge Mazzone that this Court lacks jurisdiction over these claims because these claims are unexhausted as petitioner still has remedies available in state court.

Second, petitioner objects to the findings where Magistrate Judge Mazzone proposed "*Next, petitioner's claims in 5:23-CV-42 are largely the same. Although petitioner has pursued a state habeas petitioner, and has appealed that case to the Supreme Court of Appeals of West Virginia, see Freeland v. Ballard, No. 11-0126, 2013 WL 1395890 (W.Va. Apr. 5, 2013),* **all but one of the claims raised in the instant petition were not raised inthose (sic) cases. Accordingly, this Court lacks jurisdiction to entertain those claims.**" See [id. at 5–8 (emphasis in original)]. Petitioner asserts that this Court does have jurisdiction to entertain his writ of habeas corpus.

As stated in the R&R, this Court does lack jurisdiction to entertain those claims because the petition represents a "mixed" petition, consisting of both exhausted and unexhausted claims. As explained by Magistrate Judge Mazzone:

> In **Rose v. Lundy**, 455 U.S. 509 (1982), the Supreme Court held that a federal district court may not adjudicate mixed petitions and imposed a requirement of total exhaustion, implemented by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to litigate unexhausted claims. However, in 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which included a one-year statute of limitations, requiring prisoners to file suit within one year of the judgment in state court. See **Rhines v. Weber**, 544 U.S. 269, 272 (2005).

4

> As a result of the interplay between AEDPA's 1-year statute of limitations and **Lundy's** dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under **Lundy** after the limitations period has expired, this will likely mean the termination of any federal review.

*Id*. at 275. To remedy the potentially harsh consequences of a mixed petition with is near the one-year deadline, this Court has discretion to stay a mixed petition to allow the petitioner to present his unexhausted claims to state court. *Id*. at 271. However, "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. at 277.

This Court does not find good cause for petitioner's failure to exhaust his claims first in state court and does not find a stay would be appropriate in this case. The only exhausted claim was exhausted on April 5, 2013, and as such, it appears the AEDPA's one-year statute of limitations has *long since expired*. Since April 5, 2013, petitioner has filed a plethora of other motions, writs, exhibits, etc. in courts across West Virginia. Within the Northern and Souther Districts alone, petitioner has filed seventeen (17) separate

5

cases. This is evidence to show that petitioner is not shy of the court system and has no good cause as to why he cannot first exhaust his claims in state court.

This Court lacks jurisdiction to consider petitioner's claims. Accordingly, the magistrate judge's report and recommendation [**Doc. 47**] is **ADOPTED**, and petitioner's § 2254 petitions [**Civil Action No. 3:23-CV-63 Doc. 1; Civil Action No. 5:23-CV-42 Doc. 1**] are **DENIED** and **DISMISSED WITHOUT PREJUDICE**, preserving petitioner's right to renew the same following proper exhaustion of state remedies. Petitioner's Motion for Leave to Waive Page Limitation to Object to Report and Recommendations Entered on August 10, 2023 [**Doc. 66**] is **GRANTED**. Petitioner's Motion for Leave to Supplement (Add) Supporting Material to Case Pending Before This Honorable Court [**Doc. 29**], petitioner's Motion for Status Conference Hearing [**Doc. 35**], and petitioner's Motion for Status Conference Hearing Due to State Law Courts Violating Clearly Established Federal Law Under Seperation (sic) of Powers Doctorine (sic) and the 14th Amendment of The U.S. Constitution in State Court Habeas Proceedings and Leave to Add Supporting Documents to his § 2254 Petition [**Doc. 46**] are **DENIED**. Lastly, petitioner's Notice of Change of Address and Change of Respondent [**Doc. 33**] is **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein.

**DATED:** October 10, 2023.

                                                **JOHN PRESTON BAILEY**
                                                **UNITED STATES DISTRICT JUDGE**